Judge Moore's Dissent, filed
March 11, 2020, to follow original opinion
rendered September 9, 2019, and as affirmed
on rehearing February 19, 2020.

No. 52,948-CA

ON REHEARING

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

BOBBY W. EDMISTON, IN HIS                    Plaintiff-Appellant
OFFICIAL CAPACITY AS
BOSSIER PARISH ASSESSOR

versus

LOUISIANA RIVERBOAT                          Defendants-Appellees
GAMING PARTNERSHIP D/B/A
DIAMOND JACKS CASINO &
RESORT AND THE LOUISIANA
TAX COMMISSION

* * * * *

Originally Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 155,448

Honorable Edward Charles Jacobs, Judge

* * * * *

WIENER, WEISS & MADISON                      Counsel for Appellant,
By: Reid A. Jones                            Bobby W. Edmiston in
-and-                                        his official capacity as
BRIAN A. EDDINGTON                           Bossier Parish Assessor

KEAN MILLER LLP                              Counsel for Appellees,
By: Scott L. Zimmer                          Louisiana Riverboat
                                             Gaming Partnership d/b/a
                                             Diamond Jacks Casino &
                                             Resort

FAIRCLOTH MELTON SOBEL
& BASH, LLC
By: Franklin "Drew" Hoffman
-and-
ROBERT D. HOFFMAN, JR., APLC

Counsel for Appellee,
Louisiana Tax
Commission

* * * * *

Before WILLIAMS, MOORE, PITMAN, STONE, and STEPHENS, JJ.

MOORE, J., dissents and assigns reasons.

**MOORE, J., dissents.**

I respectfully dissent from the denial of rehearing. The majority found that there was "no articulated, precise computation justifying the 65% obsolescence factor assigned by the LTC." In point of fact, this issue was fully litigated at an open meeting and appeal hearing, yielding a record that fully supports the LTC's finding.

The LTC received detailed testimony and extensive documentation from Edwin Litolff, a credentialed professional real estate appraiser who specializes in gaming and resort properties and was tendered and accepted as an expert. He established, without contradiction, the manifold challenges facing the DiamondJacks property, including a declining market, owing to competition from Texas and Oklahoma; two bankruptcies; limited floor space; poor maintenance, with nearly 30% of rooms unrentable; a negative cash flow of $8 million since the second bankruptcy; earnings of a negative $3.7 million in 2016; and adjusted gaming revenue down over 50% since 2006. Mr. Litolff may not have uttered the precise figure "65%," but the overwhelming weight of his economic data and market analysis fully supports the LTC's evaluation. Notably, this court's majority opinion makes only one fleeting reference to Mr. Litolff and completely disregards his factual presentation.

By contrast, the LTC's witness, Brian Eubanks, was a Staff Tax Specialist III, who was not tendered as an expert and whose qualifications do not appear on the record. Mr. Eubanks rendered two different opinions, using an analytical framework that the LTC considered unreliable, though he ultimately estimated a 30% obsolescence factor.

Viewing this record in its entirety, I would not say that the LTC was arbitrary and capricious in adopting an obsolescence factor much closer to Mr. Litolff's expert opinion than to Mr. Eubanks's. I would affirm the ruling of the LTC and the district court, and grant the motion for rehearing.